UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CECIL MESSER,<br><br>             Plaintiff,<br><br>     vs.<br><br>UNITED STATES PENITENTIARY-<br>ATWATER FOOD SERVICE<br>DEPARTMENT, et al.,<br><br>             Defendants. | 1:13-cv-01300-GSA-PC<br><br>ORDER GRANTING MOTION TO CONSOLIDATE CASES<br>(Doc. 8.)<br><br>ORDER DIRECTING CLERK TO CONSOLIDATE CASE 1:13-CV-01866-BAM-PC WITH THIS CASE<br><br>ORDER FOR PLAINTIFF TO FILE FIRST AMENDED COMPLAINT, AS INSTRUCTED BY THIS ORDER<br><br>THIRTY DAY DEADLINE TO FILE FIRST AMENDED COMPLAINT |

**I.      BACKGROUND**

Cecil Messer ("Plaintiff") is a federal prisoner proceeding pro se and in forma pauperis with this civil rights action, pursuant to Bivens vs. Six Unknown Agents, 403 U.S. 388 (1971). On August 16, 2013, Plaintiff filed the Complaint commencing this action. (Doc. 1.) On October 15, 2013, Plaintiff consented to the jurisdiction of a Magistrate Judge in this action, pursuant to 28 U.S.C. § 636(c), and no other parties have appeared in this action. (Doc. 7.)

On January 13, 2014, Plaintiff filed a motion for the court to consolidate his pending case 1:13-cv-01866-BAM-PC with this case.[1] (Doc. 8.)

---

[1] Plaintiff also consented to Magistrate Judge jurisdiction in case 1:13-cv-01866-BAM-PC, and no other parties have appeared in that action. (Court Record.)

1

**II.     CONSOLIDATION OF CASES – RULE 42(a)**

    **A.     Legal Standard**

Consolidation is governed by Rule 42(a) of the Federal Rules of Civil Procedure, which provides, "If actions before the court involve a common question of law or fact, the court may (1) join for hearing or trial any or all of the matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). Consolidation may be ordered on the motion of any party or on the court's own motion whenever it reasonably appears that consolidation would aid in the efficient and economic disposition of a case. See In re Air Crash Disaster at Florida Everglades on December 29, 1972, 549 F.2d 1006 (5th Cir. 1977). The grant or denial of a motion to consolidate rests in the trial court's sound discretion, and is not dependent on party approval. Investors Research Co. v. United States Dist. Ct., 877 F.2d 777 (9th Cir. 1989); Cantrell v. GAF Corp., 999 F.2d 1007, 1007, 1001 (6th Cir. 1993). In determining whether to consolidate actions, the court weighs the interest of judicial convenience against the potential for delay, confusion, and prejudice caused by consolidation. Southwest Marine, Inc., v. Triple A. Mach. Shop, Inc., 720 F. Supp. 805, 807 (N.D. Cal. 1989).

    **B.     Plaintiff's Motion**

Plaintiff requests consolidation of his pending case 1:13-cv-01866-BAM-PC, filed on November 18, 2013, with this case. Plaintiff argues that the two cases "have exactly the same characteristics," involving similar events during which Plaintiff was served food containing sharp pieces of metal by the Food Department at USP-Atwater, causing injury to Plaintiff's mouth. (Motion, Doc. 8 at 1.) Plaintiff also argues that he names the same defendants and brings the same claims in both cases.

    **C.     Discussion**

The Court has reviewed the Complaints in both of Plaintiff's cases and finds common questions of law and fact. In the instant case, Plaintiff alleges that on May 2, 2013, at USP-Atwater, he was served food by the Food Service Department, began eating, and bit into a sharp and rusty staple contained in the food. In case 1:13-cv-01866-BAM-PC, Plaintiff alleges

that on May 17, 2013, at USP-Atwater, he was served food by the Food Service Department, began eating, and bit into a sharp piece of metal later identified as part of a can of food that had been opened.  In both cases, Plaintiff's mouth was injured and began bleeding, became painful, and required medical care.  Plaintiff names the same defendants in both cases, the USP-Atwater Food Service Department and a Doe Defendant (Supervisor/Administrator of the Food Services Department).  Plaintiff also brings the same claims in both cases, for violation of due process under the Fifth Amendment, cruel and unusual punishment under the Eighth Amendment, and negligence.  Plaintiff requests monetary relief in both cases.  Both cases are civil rights cases pursuant to 42 U.S.C. § 1983, and the law governing both cases is the same.  Consolidation of these actions would result in judicial economy, because Plaintiff's claims would be resolved in one case instead of two.  The court does not foresee any confusion of the issues, delay, or prejudice resulting from consolidation in this instance.  Therefore, Plaintiff's motion for consolidation shall be granted.

Plaintiff shall be required to file an amended complaint combining the allegations made in both of his consolidated cases, within thirty days.  Plaintiff may not add allegations of events occurring after November 18, 2013, or change the nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).  Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  As a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once an amended complaint is filed, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

### III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for consolidation, filed on January 10, 2014, is GRANTED;

///
///

2. The Clerk of Court is directed to consolidate case 1:13-cv-01866-BAM-PC with this case, and the two consolidated cases shall proceed together as one case under case number 1:13-cv-01300-GSA-PC;

3. The Clerk shall administratively close case number 1:13-cv-01866-BAM-PC, and no further filings will be allowed in that case;

4. The Clerk shall send Plaintiff a § 1983 civil rights complaint form;

5. Within thirty (30) days of the date of service of this order, Plaintiff shall file an amended complaint using the court's form, combining all of the allegations made in both of his consolidated cases;

6. Plaintiff shall boldly caption the amended complaint "First Amended Complaint," use case number 1:13-cv-01300-GSA-PC, and sign the amended complaint under penalty of perjury;

7. All future filings shall bear case number 1:13-cv-01300-GSA-PC; and

8. Plaintiff's failure to comply with this order shall result in the dismissal of this action.

IT IS SO ORDERED.

Dated:   **January 14, 2014**                    **/s/ Gary S. Austin**
                                                 UNITED STATES MAGISTRATE JUDGE