UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CECIL JAMES MESSER,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>UNITED STATES PENITENTIARY-<br>ATWATER FOOD SERVICE<br>DEPARTMENT, et al.,<br><br>　　　　Defendants. | 1:13-cv-01300-GSA-PC<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND (Doc. 13.)<br><br>THIRTY DAY DEADLINE TO FILE SECOND AMENDED COMPLAINT AS INSTRUCTED BY THIS ORDER<br><br>ORDER FOR CLERK TO SEND PLAINTIFF A <u>BIVENS</u> COMPLAINT FORM |

**I.　　BACKGROUND**

　　Cecil James Messer ("Plaintiff") is a federal prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to <u>Bivens vs. Six Unknown Agents</u>, 403 U.S. 388 (1971).  Plaintiff filed the Complaint commencing this action on August 16, 2013.  (Doc. 1.)

　　On January 15, 2014, this case was consolidated in one action with Plaintiff's case 1:13-cv-01866-BAM-PC, and Plaintiff was directed to file an amended complaint combining the allegations made in both cases.  (Doc. 9.)  On February 18, 2014, Plaintiff filed the First Amended Complaint.  (Doc. 12.)

　　On March 13, 2014, Plaintiff filed a motion for leave to amend the complaint.  (Doc. 13.)

1

## II.     RULE 15(a) - LEAVE TO AMEND

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Fed. R. Civ. P. 15(a).  Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires.  Id.

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'"  AmerisourceBergen Corp. v. Dialysis West, Inc., 445 F.3d 1132, 1136 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)).  However, courts "need not grant leave to amend where the amendment:  (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile."  Id.  The factor of "'[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend.'"  Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712,13 (9th Cir. 2001) (quoting Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999)).

### A.     Plaintiff's Motion

Plaintiff seeks to amend the complaint to correct the spelling and add the first names of defendants Food Service Administrator and Assistant Food Service Administrator at USP-Atwater.  Plaintiff asserts that since the filing of the First Amended Complaint, he has determined that the name of the Food Service Administrator is Randy Madan, Jr., and the name of the Assistant Food Service Administrator is Lewis Guillermo.

### B.     Discussion

Plaintiff has previously amended the complaint and therefore requires leave of court to file a Second Amended Complaint.  The court finds no evidence of prejudice, bad faith, undue delay in the litigation, or futility in allowing Plaintiff to amend the complaint for the purpose of identifying two of the defendants.  Therefore, Plaintiff's motion to amend shall be granted.

## III.    CONCLUSION AND ORDER

Plaintiff shall be granted leave to file a Second Amended Complaint within thirty days, to correct the spelling and add the first names of defendants Food Service Administrator and Assistant Food Service Administrator at USP-Atwater.

The amended complaint should be brief, but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Fed. R. Civ. P. 8(a); Iqbal, 556 U.S. at 676; Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There is no respondeat superior liability, and each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 676-77. Plaintiff must set forth "sufficient factual matter ... to 'state a claim that is plausible on its face.'" Id. at 1949 (quoting Twombly, 550 U.S. at 555). Plaintiff must also demonstrate that each defendant *personally* participated in the deprivation of her rights. Jones, 297 F.3d at 934 (emphasis added). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level ...." Twombly, 550 U.S. at 554 (citations omitted).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of adding new allegations or claims. Plaintiff is granted leave to amend the complaint for the sole purpose of identifying defendants Food Service Administrator and Assistant Food Service Administrator.

Plaintiff is reminded that an amended complaint supercedes the [prior] complaint, Lacey v. Maricopa County, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be complete in itself without reference to the prior or superceded pleading, Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion to amend, filed on March 13, 2014, is GRANTED;
2. The Clerk's Office shall send Plaintiff a Bivens complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a Second Amended Complaint, as instructed by this order;
4. Plaintiff shall caption the amended complaint "Second Amended Complaint" and refer to the case number 1:13-cv-01300-GSA-PC;

5. Plaintiff may not add any new allegations or claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and

6. Plaintiff's failure to comply with this order shall result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

Dated:   **March 18, 2014**                                   **/s/ Gary S. Austin**
                                                              UNITED STATES MAGISTRATE JUDGE