UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CECIL JAMES MESSER,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>UNITED STATES PENITENTIARY-ATWATER FOOD SERVICE DEPARTMENT, et al.,<br><br>　　　　　Defendants. | 1:13-cv-01300-GSA-PC<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DEFENDANTS TO FILE ANSWER<br>(Doc. 20.) |

**I.　　BACKGROUND**

Cecil James Messer ("Plaintiff") is a federal prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to <u>Bivens vs. Six Unknown Agents</u>, 403 U.S. 388 (1971). Plaintiff filed the Complaint commencing this action on August 16, 2013. (Doc. 1.) On October 15, 2013, Plaintiff consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and no other parties have made an appearance. (Doc. 7.) Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

On June 24, 2014, Plaintiff filed a motion for the court to compel the defendants to file an answer to the Second Amended Complaint. (Doc. 20.)

**II.　　ANSWER TO COMPLAINT – RULE 12**

Rule 12 of the Federal Rules of Civil Procedure provides, "[A] defendant must serve an answer within 21 days after being served with the summons and complaint; or if it has timely waived service under Rule 4(d), within 60 days after the request for a waiver was sent." Fed.

R. Civ. P. 12(a)(1)(A).  Under Rule 4(d), a defendant may waive service of a summons by signing and returning a waiver of service.  Fed. R. Civ. P. 4(d).

Plaintiff requests a court order compelling the defendants to file an answer to the Second Amended Complaint.  Plaintiff argues that under Rule 12 of the Federal Rules of Civil Procedure, defendants are required to serve an answer because more than sixty days have passed since Plaintiff filed the Second Amended Complaint and service was perfected upon the defendants at USP-Atwater.

**Discussion**

The court finds no evidence on the record that any of the defendants have been served with process.  The court has not directed the U.S. Marshal to serve process, and no defendant has made an appearance.  Until defendants have been served or waived service, they are not required to file an answer to the complaint under Rule 12.

Plaintiff's Second Amended Complaint was filed on April 21, 2014 and awaits the court's requisite screening under 28 U.S.C. § 1915A.  (Doc. 18.)  The court will not order service of process until after the court has screened the complaint and determined that Plaintiff states cognizable claims against the defendants.  Thus, at this stage of the proceedings, defendants are not required to file an answer.  Therefore, Plaintiff's motion shall be denied.

**III. CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion to compel defendants to file an answer, filed on June 24, 2014, is DENIED.

IT IS SO ORDERED.

Dated:  **June 26, 2014**          **/s/ Gary S. Austin**
                                                      UNITED STATES MAGISTRATE JUDGE