UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CECIL MESSER,<br><br>    Plaintiff,<br><br>vs.<br><br>R. MADAN, et al.,<br><br>    Defendants | Case No. 1:13 cv 01300 GSA PC<br><br>ORDER DISMISSING COMPLAINT AND GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT<br><br>AMENDED COMPLAINT DUE IN THIRTY DAYS |

**I.      Screening Requirement**

Plaintiff is a federal prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971). Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).[1]

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or

---

[1] Plaintiff filed a consent to proceed before a magistrate judge on October 15, 2013 (ECF No. 7).

1

appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.     Plaintiff's Claims

Plaintiff, an inmate in the custody of the U.S. Bureau of Prisons at USP Hazelton in West Virginia, brings this civil rights action against defendant correctional officials employed by the Bureau of Prisons at USP Atwater, where the events at issue occurred. Plaintiff names the following individual defendants: Warden Copenhaver; Food Service Administrator Madan' Food Service Administrator Guillermo. Plaintiff alleges that he was subjected to conditions

This action proceeds on the April 21, 2014, second amended complaint. Plaintiff alleges that on May 2, 2013, while eating his evening meal, he discovered (by biting on it) a rusty staple in his food. Plaintiff alleges that as a result, his mouth was "severely lacerated" and bled for two hours. Once the staple was dislodged from his mouth and gum, Plaintiff took the staple to the kitchen foreman in order to make him aware of "the perilous situation." Plaintiff was given another meal and the foreman advised Plaintiff that he would direct kitchen staff to be more careful.

Plaintiff alleges that on May 17, 2013, Plaintiff was eating his evening meal when he bit down on a sharp piece of metal in his food. Plaintiff cut his mouth on the piece of metal, which caused his mouth to bleed. Plaintiff took the piece of metal to the kitchen foreman, who noted that "it looks like something that came off the kitchen mixer." On May 25, 2013, Plaintiff asked the foreman where the piece of metal originated. The foreman told Plaintiff that it had originated from food cans there were opened in preparation for the meal.[2]

---

[2] Plaintiff also alleges facts regarding an unrelated claim regarding his medical treatment. Plaintiff references conduct by a Registered Nurse Putnam, not named as a defendant. Plaintiff is advised that Federal Rule of Civil Procedure 18 prohibits unrelated claims. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass (a multiple claim, multiple defendant) suit produces, but also to ensure that prisoners pay the required filing fees. The Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without the prepayment of the required fees. 28 U.S.C. § 1915(g). George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

2

### A.     **Conditions of Confinement**

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9 (1992) (citations and quotations omitted). In order to state a claim for violation of the Eighth Amendment, Plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to Plaintiff. Farmer v. Brennan, 511 U.S. 825, 847 (1994); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

The routine discomfort in the prison setting is inadequate to satisfy the objective prong of an Eighth Amendment inquiry. "Those deprivations denying 'the minimal civilized measure of life's necessities are grave to form the basis of an Eighth Amendment violation.'" Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety. See Farmer v. Brennan, 511 U.S. 825, 832 (1994). "The circumstances, nature, and duration of a deprivation of one of these necessities must be considered in determining whether a constitutional violation has occurred. The more basic the need, the shorter the time it can be withheld." Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000). The deliberate indifference standard set forth in Farmer is "something more than mere negligence: but "something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." Farmer, 532 U.S. at 835.

Here, Plaintiff has failed to allege facts indicating that any individual defendant knew that Plaintiff was at risk of serious harm, and disregarded that risk. Plaintiff's allegations sound in negligence. Plaintiff's central allegation is that Defendants should have known of the risk of harm to Plaintiff. However, the law on this matter is clear. As noted, deliberate indifference is more than mere negligence. Two instances of foreign objects in Plaintiff's food, from different

sources, does not subject the individual defendants to liability for knowing of and disregarding a serious risk to Plaintiff's safety.  The complaint must therefore be dismissed.  Plaintiff will, however, be granted leave to file an amended complaint.

Plaintiff need not, however, set forth legal arguments in support of his claims.  In order to hold an individual defendant liable, Plaintiff must name the individual defendant, describe where that defendant is employed and in what capacity, and explain how that defendant acted under color of state law.   Plaintiff should state clearly, in his or her own words, what happened. Plaintiff must describe what each defendant, *by name*, did to violate the particular right described by Plaintiff.

### III. Conclusion and Order

The Court has screened Plaintiff's complaint and finds that it does not state any claims upon which relief may be granted under section 1983.  The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick, 500 F.3d at 987-88.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d

at 567 (citing to <u>London v. Coopers & Lybrand</u>, 644 F.2d 811, 814 (9th Cir. 1981)); <u>accord</u> <u>Forsyth</u>, 114 F.3d at 1474.

      Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's second amended complaint is dismissed, with leave to amend, for failure to state a claim;
2. The Clerk's Office shall send to Plaintiff a complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a third amended complaint;
4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and
5. If Plaintiff fails to file an amended complaint, the Court will dismiss this action, with prejudice, for failure to state a claim.

      IT IS SO ORDERED.

Dated: **February 10, 2015**

**/s/ Gary S. Austin**

UNITED STATES MAGISTRATE JUDGE